**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL L. MORRISON, Plaintiff, v. MICHAEL J. ASTRUE,[1] COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | NO. ED CV 05-516-E<br>OPINION AND ORDER GRANTING IN PART COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 406(b) |

**PROCEEDINGS**

On November 27, 2007, counsel for Plaintiff filed a "Notice of Motion and Motion for Award of Attorney's Fees [42 USC § 406(b)]" ("the Motion"), seeking $19,904.13. Defendant filed a response on December 26, 2007, which purportedly takes no position as to whether the requested fee is reasonable, but notes certain factors for the Court's consideration. The Court has taken the Motion under submission without oral argument. See Local Rule 7-15; December 4, 2007 Minute Order.

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

**BACKGROUND**

Plaintiff filed a complaint on June 13, 2005, seeking review of the Commissioner's denial of benefits.[2] Following Defendant's answer, Plaintiff filed a motion for summary judgment. The motion for summary judgment asserted that the Commissioner's denial should be reversed, and benefits should be awarded, because: (1) the Administrative Law Judge ("ALJ") allegedly failed to evaluate properly the opinion of Plaintiff's treating physicians; (2) the ALJ allegedly failed to evaluate properly Plaintiff's subjective complaints; (3) the ALJ allegedly failed to evaluate properly Plaintiff's sister's testimony in determining Plaintiff's residual functional capacity; and (4) the ALJ allegedly erred in applying the Grids to determine Plaintiff's residual functional capacity, given Plaintiff's asserted non-exertional limitations. See "Plaintiff's Notice and Motion for Summary Judgment," filed May 19, 2006.

On June 22, 2006, the Court remanded the matter to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. section 405(g). The Court found that the ALJ erred by rejecting Plaintiff's treating physicians' opinion without stating

[2] Plaintiff filed an application for benefits with the Social Security Administration that was denied initially and on reconsideration. See Administrative Record, filed October 25, 2005 ("A.R.") pp. 63-74, 78-80. An Administrative Law Judge then conducted a hearing and issued an unfavorable decision on May 11, 2004. A.R. 17-25, 310-61. Plaintiff's counsel reportedly began representing Plaintiff on May 10, 2005, after the Appeals Council denied review of the unfavorable decision. See Motion, p. 2; see also A.R. 5-7 (Appeals Council denial); Exhibit C to Motion (retainer agreement).

specific, legitimate reasons for doing so, or without adequate inquiry. The ALJ also erred by relying on the Grids to find Plaintiff could perform work existing in the national economy. See "Memorandum Opinion and Order of Remand," filed June 22, 2006, pp. 3-6. The Court entered a judgment accordingly. See "Judgment" filed June 22, 2006.

Following remand, the Administration conducted proceedings that resulted in a favorable decision for Plaintiff and an award of past-due benefits from January 2002, totaling $100,816.50. See Exhibit B filed with the Motion. The Commission withheld $25,204.13 from this award for attorney fees based on the parties' fee agreement. See Exhibits B and C to Motion.

Counsel now moves for $19,904.13 in fees pursuant to the fee agreement. See Motion, p. 2. This amount represents 25 percent of past due benefits, less $5,300 in administrative fees counsel has recovered under 42 U.S.C. § 406(a). From this award, counsel proposes to credit Plaintiff with $3,601.16, the "presumptive award" of attorney fees counsel could have recovered under the Equal Access to Justice Act ("EAJA"),[3] for a net fee of $16,302.97. See Motion,

---

[3] Counsel admits he inadvertently did not seek EAJA fees. See Motion, p. 14. Attorneys who successfully represent social security claimants in court may be awarded fees under both the EAJA and section 406(b), but the attorney must refund to the claimant the amount of the smaller fee awarded. See 28 U.S.C. § 2412. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [the EAJA and section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotation omitted). The Court declines to decide (continued...)

pp. 2, 15; 28 U.S.C. § 2412(d)(1)(A)-(B) (EAJA).

**APPLICABLE LAW**

Under 42 U.S.C. section 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant. The Court has an independent duty to ensure that a section 406(b) contingency fee is reasonable. See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").[4]

///

---

[3](...continued) whether Plaintiff would have been entitled to an EAJA award had counsel made a timely application, or the amount of any such hypothetical award. See 28 U.S.C. § 2412(d)(1)(A)-(B) (noting requirements for fee recovery); see also Clinton v. City of New York, 524 U.S. 417, 429-30 (1998) ("Article III of the Constitution confines the jurisdiction of the federal courts to actual Cases and Controversies . . ."). Any potential issue concerning the effect of counsel's failure to file an EAJA application should remain, in the first instance at least, a matter between Plaintiff and counsel.

[4] Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

See 42 U.S.C. § 406(b)(1)(A). Section 406(b) supplements section 406(a), which provides that the Commissioner may award attorney fees to a successful claimant's counsel for work performed before the Social Security Administration. See 42 U.S.C. § 406(a).

The United States Supreme Court has explained that section 406(b):

> . . . does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht at 807 (citations omitted).

When a contingency fee falls within the 25 percent boundary, as here, Gisbrecht instructs that the Court appropriately may reduce counsel's recovery:

> . . . based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are

large in comparison to the amount of time counsel spent on the case [thereby resulting in a windfall], a downward adjustment is similarly in order.

Id. at 808 (citations omitted) (emphasis added); see also Straw v. Bowen, 866 F.2d 1167, 1169-70 (9th Cir. 1989) (in traditional, non-contingency fee analysis, the court multiplies reasonable hours expended by the prevailing market rate to arrive at a "lodestar figure"; the court may adjust the lodestar figure by considering the factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), to the extent the lodestar figure does not already subsume such factors). Gisbrecht does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is "in order."

Justice Scalia dissented in Gisbrecht, expressing concern that the majority opinion "does nothing whatever to subject [section 406(b)] fees to anything approximating a uniform rule of law." Gisbrecht, 535 U.S. at 809. Justice Scalia's concern may have been well-founded. As this Court recently discussed in Ellick v. Barnhart, 445 F. Supp. 2d 1166 (C.D. Cal. 2006), a survey of the cases applying Gisbrecht to section 406(b) fee requests reveals considerable divergence and scant evidence of any "uniform rule of law." See Ellick, 445 F. Supp. 2d at 1168-72, for a summary of the

reported decisions.[5]

---

[5] At the time of the Ellick decision, there were 43 reported decisions applying Gisbrecht to section 406(b) fee requests. There have been fourteen reported decisions so applying Gisbrecht since Ellick. See Ugorek v. Astrue, 2008 WL 169737 (M.D. Fla. Jan. 17, 2008) (reducing claimed fee to an hourly rate of $250 with an approximate multiplier of 2.25); Lapatra v. Astrue, 2008 WL 125462 (W.D.N.Y. Jan. 9, 2008) (awarding full 25 percent fee requested notwithstanding *de facto* hourly rate of $631.42, given that the time spent was reasonable and the attorney achieved excellent results); Wise v. Astrue, 2008 WL 110926 (S.D. Ala. Jan. 9, 2008) (awarding fee requested which yielded a *de facto* hourly rate of $520.55 for time spent before the court, and which was less than 25 percent of past-due benefits); Causey v. Astrue, 2008 WL 111318 (D.S.C. Jan. 8, 2008) (awarding full 25 percent fee requested which yielded *de facto* hourly rate of $301.25); Johnson v. Commissioner of Social Sec., 2007 WL 4614884 (M. D. Fla. Dec. 31, 2007) (awarding full 25 percent fee requested which yielded *de facto* hourly rate of $584.81, where counsel had over 30 years of experience representing disabled people and where case was "fairly involved"); Cintron v. Commissioner of Social Sec., 2007 WL 4482573 (M.D. Fla. Dec. 18, 2007) (awarding 25 percent fee requested which yielded a *de facto* hourly rate of $241.93 for time spent before the court, where majority of fee available had already been recovered under section 406(a)); Garcia v. Astrue, 500 F. Supp. 2d 1239 (C.D. Cal. 2007) (awarding fee requested which yielded *de facto* hourly rate of $214.94 and which was less than 25 percent of past-due benefits); Blizzard v. Astrue, 496 F. Supp. 2d 320 (S.D.N.Y. 2007) (awarding fees equating to 25 percent of past-due benefits as provided in fee agreement, and refusing to calculate *de facto* hourly rate to justify "reasonableness" determination); Benton v. Commissioner of Social Sec., 2007 WL 2027320 (E.D.N.Y. May 17, 2007) (awarding reduced fee resulting in a *de facto* hourly rate of $447.76 where fee requested would amount to windfall at $1,334.17 per hour); Vilkas v. Commissioner of Social Sec., 2007 WL 1498115 (M.D. Fla. May 14, 2007) (awarding counsel's reduced request amounting to 5 percent of past-due benefits notwithstanding *de facto* hourly rate of $1,121.86); Koester v. Astrue, 482 F.Supp.2d 1078, 1083 n. 5 (E.D. Wisc. 2007) (awarding fee that with offsets equated to 25 percent of past-due benefits; court rejected argument that award should be reduced based on *de facto* hourly rate of $580.67, opining that such rates should be given little weight); Robbins v. Barnhart, 2007 WL 675654 (D. Kan. Feb. 28, 2007) (awarding fee resulting in *de facto* hourly rate of $26.91 more than counsel's standard rate as reasonable and noting that counsel worked five years on the case to obtain a favorable decision);

(continued...)

**DISCUSSION**

Having reviewed the papers on file in this case in light of Gisbrecht and its progeny, the Court concludes that counsel has not met counsel's burden of showing the reasonableness of the fees requested. See 42 U.S.C. § 406(b); Gisbrecht, 535 U.S. at 807. Counsel's office achieved a favorable result for Plaintiff and should be compensated above normal hourly fees to recognize the risks of contingent litigation. See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (quoting Dodson v. Commissioner of Social Security, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002): "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants."). However, the $100,816.50 in past-due benefits Plaintiff recovered is large in comparison to the amount of time spent on the case by counsel's office.

Counsel reports that since 1980 he has practiced exclusively in the area of Social Security law. See Motion, p. 12. Counsel argues that the value of his services should be assessed at approximately $500 per hour according to hourly rates derived from

---

[5](...continued)
Jakob v. Barnhart, 2006 WL 3707888 (N.D. Cal. Dec. 14, 2006) (awarding amount sought yielding *de facto* hourly rate of $603.28 where counsel's standard hourly rate was $475.00); Briem v. Barnhart, 2006 WL 3374955 (W.D.N.Y. Nov. 17, 2006) (awarding fees equating to 25 percent of past-due benefits as provided by the fee agreement, noting time and effort counsel expended at the administrative level and counsel's level of experience in finding the fee request reasonable; the court did not mention the *de facto* hourly rate of $612.50 for time spent before the court).

the 2007 Survey of Law Firm Economics - Consolidated Metropolitan Analysis - San Francisco - Oakland - San Jose, California. See Motion, p. 12; Exhibit E filed with the Motion. Contrary to counsel's argument, rates other than the normal hourly rates of social security counsel do not materially aid the Court's assessment of reasonableness. See Gisbrecht, 535 U.S. at 808 (the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement."); see also Ellick v. Barnhart, supra, 445 F. Supp. 2d at 1173 n.18 (this Court previously discussing the same issue); Grunseich v. Barnhart, supra, 439 F. Supp. 2d 1034, n.3 (rejecting reliance on surveys of this type); but cf. Cherry v. Astrue, Case No. EDCV 05-393-E, Opinion and Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed December 3, 2007 (this Court adopting a standard or prevailing hourly rate of $250 for counsel in similar cases involving section 406(b) fee requests); Wood v. Astrue, Case No. CV 01-7622-E, Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed June 11, 2007 (same).

Counsel spent 22.25 hours representing Plaintiff before the Court. See Motion, p. 11; Exhibit D filed with the Motion. If compensated at $500 per hour, counsel would receive $11,125.00 for time spent before the Court. Counsel asserts that his fee request of $16,302.97 (i.e., $25,204.13 - $5,300 in Section 406(a) fees - $3,601.16 "presumptive" EAJA award), is reasonable to compensate him for the contingent risk in this case.

While the contingent risk in the present case should be compensated reasonably, it should not be compensated as richly as counsel suggests. Under the circumstances of this case, to do as counsel suggests would not be faithful to Gisbrecht. See Gisbrecht at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order"). Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex.[6]

The Court finds that a downward adjustment from a full contingency fee award is required in this case to arrive at a fee that is "reasonable for the services rendered." After surveying the case law, and after considering the nature of the contingent risk and the substantial benefits obtained for Plaintiff, the Court finds that a fee of $13,906.25 is a reasonable fee for the representation of Plaintiff before this Court under Gisbrecht and the fee agreement between counsel and Plaintiff. This award reasonably represents 2.5

---

[6] Counsel does not argue that any of the issues raised in Plaintiff's complaint or motion for summary judgment were particularly novel or complex, nor could counsel persuasively so argue.

times an hourly rate of $250 for counsel[7] (or a *de facto* hourly rate of $625). See Brannen v. Barnhart, 2004 WL 1737443 (E.D. Tex. Jul. 22, 2004) (awarding fee that was roughly 1.01 times counsel's normal hourly rate for counsel's time spent before the court, where past-due benefits exceeded $100,000); Wallace v. Barnhart, 2004 WL 883447 (N.D. Iowa Apr. 22, 2004) (awarding fee that was 1.25 counsel's normal hourly rate); Hearn v. Barnhart, 262 F. Supp. 2d at 1035 (awarding fee that was roughly 1.5 times counsel's normal hourly rate, where past-due benefits exceeded $100,000, and where claimant alleged a variety of ailments not susceptible to clear and straightforward forms of proof); Mitchell v. Barnhart, 376 F. Supp. 2d 916, 923 (S.D. Iowa 2005) (awarding fee that was 1.64 times counsel's normal hourly rate); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1381 (S.D. Ga. 2002) (awarding fee that was roughly twice counsel's normal hourly rate); Roark v. Barnhart, 221 F. Supp. 2d at 1021 (same); Ugorek v. Astrue, 2008 WL 169737 (M.D. Fla. Jan. 17, 2008) (awarding fee that approximated 2.25 times an hourly rate of $250); Ogle v. Barnhart, 2003 WL 22956419 (D. Me. Dec. 12, 2003)

---

[7] Although counsel has not reported any reliable evidence to establish his standard hourly rates, in similar cases the Court has chosen a standard or prevailing hourly rate of $250 for counsel (multiplied by a factor of 2.5 for a *de facto* hourly rate of $625). See, e.g., Wood v. Astrue, Case No. CV 01-7622-E, Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed June 11, 2007; see also Gisbrecht, 535 U.S. at 808 (counsel's normal hourly billing rates can aid court's interpretation of reasonableness); Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099-1100 (N.D. Ill. Dec. 6, 2005) (reducing fees to a *de facto* hourly rate judge deemed reasonable based on judge's own experience in private practice and with the court); Van Lewis v. Barnhart, 2004 WL 3454545 *1 (W.D. Va. Jun. 11, 2004) (reducing fees to *de facto* hourly rate generally approved by court in noncontingency fee cases).

(awarding fee that was 2.5 times counsel's normal hourly rate, where past-due benefits exceeded $100,000 and issues litigated were not complex); Van Nostrand v. Barnhart, 2005 WL 1168428 (W.D. Tex. May 12, 2005) (same); cf. Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. Feb. 18, 2005) (awarding fee that was roughly 2.85 times counsel's standard hourly rate, where past-due benefits exceeded $100,000); Droke v. Barnhart, 2005 WL 2174397 (W.D. Tenn. Sep. 6, 2005) (awarding fee that was roughly 5.54 times counsel's normal hourly rate where counsel achieved "exceptional" results); Claypool v. Barnhart, 294 F. Supp. 2d 829, 830 (S.D. W. Va. 2003) (awarding fee that was roughly 5.73 times counsel's normal hourly rate, where past-due benefits totaled almost $200,000, and counsel faced difficulties with the case and went through four levels of review); and Whitehead v. Barnhart, 2006 WL 681168 (W.D. Mo. Apr. 7, 2006) (awarding fee that was roughly 6.55 times counsel's normal hourly rate, where counsel argued novel, case-specific and risky position and past-due benefits exceeded $100,000).

As in Ellick, the Court acknowledges the regrettable imprecision of its analysis. After Gisbrecht, counsel and their clients cannot predict with any degree of certainty what courts will award as "reasonable" fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel. And, absent further guidance from Congress or from the appellate courts, district courts cannot have any degree of confidence that their section 406(b) awards will be consistent with what the law intends.

///

**CONCLUSION**

The Motion is granted in part. Section 406(b) fees are allowed in the amount of $13,906.25 to be paid out of past due benefits. The parties shall proceed accordingly.

IT IS SO ORDERED.

DATED: February 7, 2008.

_________________/S/__________________
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE